IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,

v.                              4:13CR00148-16 SWW

TARVARS HONORABLE,

**ORDER**

I.    **BACKGROUND**

On June 14, 2013, Mr. Honorable appeared before the court for a hearing to determine whether or not he could be released on bond. The Government proceeded on the 18 U.S.C. § 3142(e) presumption that Mr. Honorable was a flight risk and a danger to the community based on the nature of his charges. In rebutting the presumption, Mr. Honorable testified on his behalf. After hearing from Mr. Honorable, the Court found he met his burden of production and rebutted the presumption of detention.

The Government moved forward with its motion for detention. The Court heard evidence of Mr. Honorable's criminal history, failure to comply with conditions of probation or supervised release, and evidence supporting the strength of the Government's case.

After considering all of the evidence, the Court found that Mr. Honorable was a danger to the community and that no condition or combination of conditions of release could reasonably assure the safety of the community. Specifically, the Court took note of "the nature of the Defendant's offense, his criminal history, and his pattern of criminal activity on probation or supervised release." Doc. No. 133.)

On July 7, 2013, Mr. Honorable filed a Motion for Pretrial Release to Inpatient Drug Treatment. (Doc. No. 183.) The government objects. (Doc. No. 187.)

II.   **ANALYSIS**

A detention hearing may only be reopened "if the judicial officer finds that information

exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The matter should not be reopened if the evidence was available at the time of the initial hearing. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Flores*, 856 F. Supp. 1400, 1405–07 (E.D. Cal. 1994).

The Court finds that the proposed new information – Mr. Honorable's family has arranged for his placement into a drug rehabilitation program – was, in fact, known and available to Mr. Honorable at the time of his hearing. The facts that Mr. Honorable has new counsel, his family was not contacted for the first hearing, and they had been in the process of working on finding an appropriate program are somewhat compelling. But while his motion states his mother "has contacted numerous rehabilitation centers on behalf of her son," Mr. Honorable made no mention of wanting to attend a rehabilitation program at the hearing.

Additionally, the Court found clear and convincing evidence that Mr. Honorable posed a significant danger to the community if he were released. Such a finding under the Bail Reform Act precludes any form of conditional release. *See* 18 U.S.C. § 3142(e). So, the fact that Mr. Honorable is now willing to attend a rehabilitation program is unavailing.

### III. CONCLUSION

Accordingly, Mr. Honorable's motion to reopen and reconsider the Court's previous Order of Detention (Doc. No. 183) is DENIED. Mr. Honorable is to remain in the custody of the United States Marshal.

IT IS SO ORDERED this 11th day of July, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE