IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:13-cr-00148-SWW-16 |
| | * | |
| | * | |
| TARVARS HONORABLE, | * | |
| a/k/a Pudgy | * | |
| | * | |
| Defendant. | * | |

## ORDER

Defendant Tavars Honorable, a/k/a Pudgy, is under indictment for various drug-related charges. The 25-count, 17-defendant superseding indictment alleges, *inter alia*, a drug conspiracy that involves a Mexican drug cartel. Before the Court is Defendant's appeal from the Magistrate Judge's denial of pretrial release to impatient drug treatment and for a full *de novo* evidentiary hearing [doc.#217]. The government has responded in opposition to Defendant's appeal. For the reasons that follow, the Court affirms the Magistrate Judge's denial of pretrial release and denies Defendant's request for an evidentiary hearing.

I.

Defendant made his initial appearance on May 14, 2013, and entered a plea of not guilty. Defendant was detained. Defendant subsequently moved the Court

for a bond hearing. The Magistrate Judge conducted a detention hearing on June 14, 2013, and afterwards ordered Defendant detained, stating as follows:

> Defendant appeared with counsel on this date for a detention hearing. The Court finds by clear and convincing evidence that Defendant is a danger to the community. In coming to this conclusion, the Court considered the evidence presented, including the nature of Defendant's offense, his criminal history, and his pattern of criminal activity while on probation or supervised release. Therefore, the Defendant's Motion for Bond (Doc. No. 116) is DENIED, and Defendant is remanded to the custody of the United States Marshal.

Order of Detention (E.D. Ark. June 14, 2013) [doc.#133].

On July 7, 2013, Defendant, represented by new counsel, filed a Motion for Pretrial Release to Inpatient Drug Treatment [doc.#183]. Defendant asked the Magistrate Judge to reconsider the order of detention and to place the Defendant into inpatient drug treatment. In support of his motion, the Defendant claimed that there was a treatment facility willing to accept him and which his family was willing to pay for. Defendant argued that this qualified as "new information" under 18 U.S.C. § 3142 and, therefore, justified the Magistrate Judge reconsidering his ruling.[1]

On July 9, 2013, the government filed a response in opposition to Defendant's Motion for Pretrial Release, arguing that Defendant has not proffered

---

[1] Defendant's motion largely mirrors his appeal from the Magistrate Judge's Order now before the Court.

any evidence that was not known or available to him at the time of the initial hearing, and that even if the evidence was new, it did not have "a ***material bearing*** [under 18 U.S.C. § 3142(f)] on the issue whether there are conditions of release that will reasonably assure ... the safety of any other person and the community." In other words, argued, the government, the proffered information had no material bearing on the Magistrate Judge's finding that the Defendant is a danger to the community.

On July 11, 2013, the Magistrate Judge denied the Defendant's Motion for Pretrial Release, finding as follows:

> The Court finds that the proposed new information – Mr. Honorable's family has arranged for his placement into a drug rehabilitation program – was, in fact, known and available to Mr. Honorable at the time of his hearing. The facts that Mr. Honorable has new counsel, his family was not contacted for the first hearing, and they had been in the process of working on finding an appropriate program are somewhat compelling. But while his motion states his mother "has contacted numerous rehabilitation centers on behalf of her son," Mr. Honorable made no mention of wanting to attend a rehabilitation program at the hearing.
>
> Additionally, the Court found clear and convincing evidence that Mr. Honorable posed a significant danger to the community if he were released. Such a finding under the Bail Reform Act precludes any form of conditional release. *See* 18 U.S.C. § 3142(e). So, the fact that Mr. Honorable is now willing to attend a rehabilitation program is unavailing.

Order Denying Motion for Pretrial Release (E.D. Ark. July 11, 2013) [doc.#198].

II.

The district court reviews a Magistrate Judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc). Pursuant to § 3145(b), the motion "shall be determined promptly." The district court may either hold an evidentiary hearing or review the pleadings and evidence developed before the Magistrate Judge. *United States v. Gaviria*, 828 F.2d 667 (11th Cir. 1987); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (unpublished); see also *United States v. Barber*, No. 5:12-cr-50035-001, 13-50004-001, 2013 WL 3580195, *1 (W.D. Ark. July 12, 2013) ("Although the review is *de novo*, and the Court has the power to hold an evidentiary hearing if necessary and desirable, the Court may also simply review the evidence that was before the Magistrate and make an independent determination of whether the Magistrate's findings are correct.").

Upon *de novo* review of the pleadings and the recording of the detention hearing that was held on June 14, 2013, and having considered relevant factors, including the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger to the community or to an individual, see 18 U.S.C. § 3142(g), the Court finds no reason to revoke or amend the

detention order.  The Court finds that the Magistrate Judge accurately set forth the relevant facts and that his findings are supported by the record.  Defendant has failed to demonstrate that a condition or combination of conditions will reasonably assure the safety of the community if he is released to inpatient drug treatment.  In this respect, the Court, based on clear and convincing evidence, agrees with the Magistrate Judge that Defendant poses a significant danger to the community if he were released, even if to inpatient drug treatment, and that such a finding under the Bail Reform Act precludes any form of conditional release.  See 18 U.S.C. § 3142(e).[2]  Accordingly, the fact that Defendant is now willing to attend a rehabilitation program is unavailing.

IT IS THEREFORE ORDERED that the Magistrate Judge's denial of Defendant's pretrial release is hereby affirmed and that Defendant's request for an evidentiary hearing [doc.#217] is denied.

Dated this 23rd day of August 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] There was testimony at the detention hearing from an FBI special agent that Defendant is a known member of the "Monroe Street Hustlers," a routinely armed street gang that buys and sells guns and controlled substances.